UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NAJAT JALLAQ,

      Plaintiff,

v.

U.S. DEPARTMENT OF
HOMELAND SECURITY,
SECRETARY KRISTI NOEM,

      Defendant.
_____/

Case No. 25-cv-11234
Honorable Linda V. Parker

## OPINION AND ORDER STRIKING PLAINTIFF'S AMENDED COMPLAINT (ECF NO. 13)

Plaintiff initiated this action by filing a Complaint on April 29, 2025. (ECF No. 1.) Plaintiff named several Defendants in that pleading. On July 11, 2025, U.S. Department of Homeland Security Secretary Kristi Noem and Acting Chair of the Equal Employment Opportunity Commission Andrea R. Lucas filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6). (ECF No. 5.) Plaintiff's response to the motion was due 21 days later, on August 1. *See* E.D. Mich. LR 7.1(e)(2)(A).

On July 31, 2025 a "Stipulation to Extend Time to File Response to Defendant Department of Homeland Security and EEOC's Motion to Dismiss" was filed providing "a fourteen (14) day extension for Plaintiff to submit her

1

response . . ..." (ECF No. 10.)  Plaintiff filed a response on the date it was due (ECF No. 12), August 15; however, on that date, she also filed an Amended Complaint (ECF No. 13).

Federal Rule of Civil Procedure 15 allows a party to "amend its pleading once as a matter of course no later than (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or . . . service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P.. 15(a)(1).  Otherwise, a party may file an amendment "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).  Pursuant to Rule 15(a)(1), the deadline for Plaintiff to file an amended pleading "as a matter of course" was August 1—21 days after service of the motion to dismiss.

The parties' stipulation did not extend the deadline for Plaintiff to file an amended pleading.  The stipulation expressly applied only to her response to the pending motion.  Accordingly, Plaintiff could amend her Complaint only with consent of the opposing parties or leave of court.

As neither was obtained, the Court is **STRIKING** Plaintiff's Amended Complaint.[1] *See Nicholson v. City of Westlake*, 20 F. App'x 400, 403 (6th Cir.

---

[1] If Plaintiff seeks and obtains leave to file an amended pleading from Defendant(s), any stipulation to file the amendment should also withdraw the pending motion to dismiss.

2001) (finding that district court did not abuse its discretion when it struck an amended complaint that was filed in violation of Rule 15(a)).

**SO ORDERED**.

                                                s/ Linda V. Parker
                                                LINDA V. PARKER
                                                U.S. DISTRICT JUDGE

Dated: August 25, 2025